PER CURIAM.
Defendant-appellant Andre Murray Rhymes seeks review of a conviction for first degree murder, entered pursuant to a jury verdict and the life sentence imposed. Nathaniel Pressley was the co-defendant of Rhymes in their joint trial.
The facts are stated in the related appeal filed by Pressley. Pressley v. State, Fla. App.1972, 261 So.2d 522.
Rhymes presents this point: (1) the court abused its discretion in limiting the cross-examination of Miss Johnson as to her motive for testifying, where a felony charge was then pending against her and where, in another then recent matter, she was neither arrested nor charged for shooting “Big Ed.” He adopts Pressley’s points concerning the: admissibility of photograph of deceased; asserted violation of “Williams Rule” as to admissibility of evidence of a related crime; limitation of cross-examination of the two investigating police officers; refusal to change venue because of pre-trial publicity.
To begin with, Rhymes was able to cross-examine Miss Johnson as to the two incidents, a felony charge against her and the failure to prosecute her for her alleged shooting of “Big Ed.” Objection was sustained as to the question of whether she was *528 happy with the relationship between her sister and Rhymes. Upon the authority cited and reasons stated in Pressley v. State, supra, the point on appeal concerning the limitation of cross-examination of the police officers, we find that reversible error was not committed.
For the reasons stated and authorities cited in Pressley v. State, supra, we conclude that Rhymes has failed to demonstrate reversible error as to the other points he has argued. The conviction and sentence were properly entered; the judgment and sentence are affirmed.
Affirmed.